IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| **AARON LUCAS**, | § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 5:21-CV-9-RWS-JBB |
| **DIRECTOR, TDCJ-CID**, | § § § | |
| Defendant. | § § | |

## ORDER

Aaron Lucas, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Docket No. 1. Petitioner challenges convictions for aggravated sexual assault and aggravated kidnapping. *See id.*

The Court referred this matter to the Honorable J. Boone Baxter, United States Magistrate Judge, at Texarkana, Texas, for consideration pursuant to 28 U.S.C. § 636(b)(1) and (3). The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge ("Report") recommending that the petition for writ of habeas corpus be denied. Docket No. 52 at 20. Petitioner filed objections to the Report and Recommendation. Docket No. 56. The Court reviews the objected-to portions of the Report *de novo*. FED. R. CIV. P. 72(b).

## ANALYSIS

### I. Procedurally Barred Grounds for Review

The Magistrate Judge concluded that certain of Petitioner's grounds for review were procedurally barred. Docket No. 52 at 3–4. The Magistrate Judge concluded grounds for review 1(c), 1(f), 2, 3(b) and 4 were procedurally barred because Petitioner did not present these grounds for review to the highest state court in either a petition for discretionary review or a state application for writ of habeas corpus. *Id.* The Magistrate Judge further concluded that with respect

to ground for review 1(d), Petitioner's assertion that there was insufficient evidence to support his convictions was procedurally barred because he did not raise this ground for review on direct appeal, as required by Texas state law. *Id.* at 4.

In his objections, Petitioner asserts the State of Texas created an impediment to his filling state applications for habeas corpus which included the grounds for review set forth above. Docket No. 56 at 1–3. Petitioner is incarcerated in Colorado and states he did not have access to Texas state law materials. *Id.* He also asserts that he did present these grounds for review to the highest state court. *Id.* Petitioner, however, does not assert the State of Texas had any control over what legal materials were available to him at his institution in Colorado. Accordingly, this objection is without merit.

With respect to Petitioner's assertion that he did present these grounds for review to the highest state court (*see* Docket No. 56 at 3–4), the Court agrees with the Magistrate Judge that the grounds were not properly presented to the Texas Court of Criminal Appeals. In ground for review 4, Petitioner asserted he received ineffective assistance of counsel on appeal because appellate counsel failed to investigate a suggestive lineup array and evidence regarding an identical twin brother. The Magistrate Judge correctly found that while Petitioner did complain about his appellate counsel in his state applications, he did not fault appellate counsel for failing to investigate a suggestive lineup array or an identical twin brother. *See e.g.*, Docket No. 21-9 at 95–101 (blaming the State, not defense counsel, for alleged issues with the suggestive lineup array and for failing to introduce evidence about Petitioner's identical twin).

The Court agrees that Petitioner failed to present these grounds for review to the highest state court and did not show cause and prejudice for failing to raise them. Consideration of these grounds for review is therefore procedurally barred.

II. **The Granting of Continuance was not Contrary to Clearly Established Federal Law**

Prior to trial, the court granted a prosecution motion requesting a continuance. *See* Docket Nos. 20-18, 20-23 at 6–7, 9–11, 14. Petitioner asserts granting the continuance violated the Interstate Agreement on Detainers ("IADA"), which requires a showing of good cause if a defendant is not brought to trial within 180 days of a proper request for disposition of the indictment. Petitioner contends good cause was not shown. Docket Nos. 1 at 6, 1-1 at 3–5.

The intermediate appellate court concluded good cause had been shown by the prosecution. *See e.g.*, Docket Nos. 20-4 at 2–7, 20-5 at 3. After reviewing the intermediate appellate court's opinion, the Magistrate Judge concluded that the decision was not contrary to, or an unreasonable application of, clearly established federal law. Docket No. 52 at 6–8. Nor was the decision an unreasonable determination of the facts in light of the evidence before the state court. *Id.* at 8. The Magistrate Judge further concluded Petitioner failed to show he suffered prejudice because the trial commenced less than two weeks after the expiration of the 180-day limit. *Id*.

Petitioner faults the Magistrate Judge for failing to conduct any individual analysis or independent investigation of the facts presented in state court. Docket No. 56 at 5–8. He further asserts that the prosecution failed to demonstrate good cause for the continuance and failed to present evidence in support of the reasons cited in support of a continuance. *Id.*

Title 28 U.S.C. § 2254 established a highly deferential standard for evaluating state court rulings, which requires federal courts to give those rulings "the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002). Under this standard, a federal habeas court may not grant relief unless a state court decision was contrary to, or an unreasonable application of, clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence presented in state court. *See id.*; *see also Lara v. Johnson*, 141 F.3d 239, 242–43 (5th Cir.) (finding

an IADA violation must be shown to be "a 'fundamental defect' of a type which would lead to a 'miscarriage of justice.' This defect must be an exceptional circumstance of a type which causes prejudice to the defendant."), *reh'g granted, opinion modified*, 149 F.3d 1226 (5th Cir. 1998) (correcting a typographical error).

Under this standard, a federal court does not analyze an issue *de novo* or conduct an independent investigation of the facts presented in state court. Upon review, the Court determines that the Magistrate Judge, after setting forth the applicable standard, correctly concluded that the decision of the state courts with respect to this ground for review was not contrary to, or an unreasonable application of, clearly established federal law and was not based on an unreasonable determination of the facts in light of the evidence before the state courts.

### III. The Alleged Improper Admission of Hearsay Evidence and Violation of Confrontation Clause was Harmless

At Petitioner's trial, law enforcement officers were permitted to recite unsworn declarations and hearsay statements from witnesses from unrelated crimes in Colorado. Docket No. 1 at 6. The four officers testified from police reports and their memory concerning the investigation of crimes committed in Colorado. *See id.* They testified that Petitioner pled guilty to each crime and was convicted. *See e.g.*, Docket No. 20-25 at 230, 235, 250–252, 258–259. Petitioner contends the admission of the testimony violated the Confrontation Clause and constituted inadmissible hearsay. Docket No. 1-1 at 5. He stated he suffered prejudice because he could not cross-examine the witnesses from the Colorado crimes. *Id*. Without expressing any opinions as to the merits of this ground for review, the Magistrate Judge concluded that any error by the trial court was harmless because the asserted error did not have a substantial and injurious effect or influence in determining the jury's verdict. Docket No. 52 at 9–11.

Petitioner objects, asserting that the errors he identifies were not harmless. Docket No. 56 at 8. He states the admission of testimony regarding other crimes painted him in a negative light, which may have influenced the jury's decision. *Id.* Petitioner states that the evidenced relied on by the Magistrate Judge to conclude any error was harmless was not properly established or verified. *Id.* at 8–9.

The Court agrees that review of the alleged error is subject to harmless error analysis. *United States v. Foreman*, 84 F.4th 615, 619–620 (5th Cir. 2023) (reviewing hearsay and Confrontation clause objections *de novo*, subject to harmless error analysis). In his Report, the Magistrate Judge meticulously set forth and analyzed the evidence against Petitioner, which the Court has confirmed upon *de novo* review. *See* Docket No. 52 at 9–11. For example, the evidence included the victim selecting Petitioner's picture from a photographic array and identifying him at trial as the person who harmed her. *See e.g.*, Docket No. 20-25 at 128–134, 137, 152; 20-26 at 21.[1] In addition, there was DNA evidence that established it was 15.2 sextillion times more likely the DNA came from Petitioner than from any unknown, unrelated individual. Docket No. 20-25 at 196–199. The testifying expert did acknowledge the sample could have also come from Petitioners twin brother. Docket No. 20-25 at 78–79. With respect to the twin brother, however, testimony indicated he was in Alabama near the time of the offense. *See e.g.*, Docket No. 20-26 at 84.

After considering the evidence, the Court agrees that any error in admitting testimony from the law enforcement officers was harmless. The victim's identification and the DNA evidence constituted strong evidence against Petitioner. Further, while the testifying expert indicated the DNA evidence could have been from the twin brother and the twin brother's appearance would

---

[1] The victim also described a vehicle consistent with a description of a vehicle Petitioner owned. *See* Docket No. 20-26 at 16.

have been substantially similar to Petitioner's appearance, there was no evidence indicating the twin brother was in the area where the offense was committed at the relevant time. As a result of the other evidence in the case, the Court agrees with the Magistrate Judge's conclusion that the officers' testimony did not have a substantial and injurious effect or influence on the jury's verdict.

## IV. Improper Admission of Identification Evidence

The trial court admitted into evidence a photographic array which resulted in the victim identifying Petitioner as the person involved in the crime. Docket No. 1-1 at 6–7. Petitioner asserts detectives altered the lineup by using "whiteout" to cover the victim's signature for her protection and had an anonymous reporting party sign the document. *Id.* He also contends the lineup procedure was not recorded, the victim stated she did not sign his photograph, the array contained suggestive markings and that the victim picked another man from a previous array. *Id.* Finally, Petitioner states the lineup was conducted four years after the crime and that the original array was not provided at trial. *Id.*

As the Magistrate Judge stated, a two-step analysis applies to challenges to identification evidence. *Coleman v. Quarterman*, 456 F.3d 537, 544 (5th Cir. 2006). First, a court determines whether the identification procedure was impermissibly suggestive. *Id.* If so, the court must determine whether the suggestiveness led to a "substantial likelihood of irreparable misidentification." *Id*. In making this determination, five factors set forth in *Neil v. Biggers*, 409 U.S. 188, 199-200 (1972), are considered. *Coleman*, 456 F.3d at 544.

The Magistrate Judge concluded Petitioner failed to satisfy either step of the test. Docket No. 52 at 13. The Court agrees. The Magistrate Judge accurately described the testimony at trial concerning the photographic array. *See* Docket No. 52 at 12–14 (citing the relevant portions of Docket Nos. 20-25, 20-26). The testimony did not indicate the victim was given any hint or

instruction as to which photograph she should choose. *Id.* The testimony showed the photographs were of six white males with little or no hair.[2] *Id.* The Court agrees that the first factor is not satisfied because the evidence at trial failed to establish anything impermissibly suggestive about the victim's pretrial identification of Petitioner.

Nevertheless, the Magistrate Judge went on to consider the factors set forth in *Biggers*, concluding that three of the five factors weighed in favor a finding that the pretrial identification procedure was reliable. Docket No. 52 at 14–15. This conclusion was correct. The testimony showed the victim had a reasonable opportunity to view Petitioner at the time of the crime. Further, the testimony did not indicate the victim failed to pay attention to the person who took her. Finally, there was no indication that the victim showed any uncertainty when she picked Petitioner from the array. Accordingly, three of the factors set forth in *Biggers* supported a finding that the pretrial identification was reliable. Upon a *de novo* review, the Court agrees with the Magistrate Judge that this ground for review did not entitle Petitioner to relief.

## V.   **Ineffective Assistance of Counsel**

Petitioner asserts he received ineffective assistance of counsel because counsel failed to call exculpatory witnesses who could have verified his alibi of being in military training in Virginia

---

[2] In his Report, the Magistrate Judge stated Lillian Tidwell testified she administered the photograph lineup where the victim identified Petitioner. She described the appearances of the men in the array, stated she laid the photographs out before the victim and did not give any suggestion to the victim as to which one she should choose. She also stated the victim circled the number 2 on Petitioner's photograph. Docket No. 20-25 at 129–133. In his objections, Petitioner states Ms. Tidwell testified she had no memory of the lineup or conducting the lineup. Ms. Tidwell testified that she did not remember when the lineup was conducted and, when asked if she remembered "a lot" about this particular lineup, replied by stating "not at all." *Id.* at 135. However, when she asked whether she was familiar with all the lineups in the case, she replied by stating, "No, I only did the one." *Id*. at 134. Further, when Ms. Tidwell was asked whether a detective had asked her to administer a lineup for a child victim named Melinda Givens (a pseudonym), she replied by stating that while she did not remember the name, the detective had asked her to administer the lineup. *Id*. at 128–129. Finally, when asked whether, when the detective handed her the photographs, she had any idea whether a picture of the suspect was included, Ms. Tidwell stated, "No. She just handed me the packet and asked if I could do the lineup." *Id.* at 131. As a result, it can fairly be concluded Ms. Tidwell had some memory of conducting the lineup.

at the time of the crime. Docket No. 1-1 at 10. The Magistrate Judge concluded this ground for review was without merit because, while Petitioner stated his wife could have testified concerning his alibi, he did not provide an affidavit from his wife or provide any more than his unsupported assertion regarding the contents of her testimony and her willingness to testify on his behalf. Docket No. 52 at 17. Nor did Petitioner provide the names of any other witnesses Petitioner could have called or shown any other witnesses were available to testify. *Id.*

In his objections, Petitioner does not take issue with the Magistrate Judge's conclusion regarding the assertion that counsel was ineffective for not calling alibi witnesses. Docket No. 56 at 13. However, he does state the Magistrate Judge did not address his assertion that appellate counsel was ineffective because he did not raise numerous issues on appeal and did not meet with Petitioner or speak with him by telephone during the appellate process. *See id.*

Petitioner does not identify the issues counsel allegedly failed to raise at the appellate level. *See* Docket Nos. 1-1 at 1, 56 at 13. Nor does he explain what issues counsel would have been able to raise if he had met with Petitioner. Docket Nos. 1-1 at 1, 56 at 13. As a result, Petitioner has failed to establish counsel's performance was deficient or that he suffered prejudice as a result of the alleged deficient performance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). This ground for review is therefore without merit.

## **CONCLUSION**

The Court has conducted a careful *de novo* review of the portions of the Magistrate Judge's proposed findings and recommendation to which Petitioner objected. *See* 28 U.S.C. § 636(b)(1)(C) (a district judge shall "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). Upon such *de novo* review,

the Court has determined that the Report of the Magistrate Judge is correct, and Petitioner's objections are without merit. Accordingly, it is

**ORDERED** that Petitioner's objections (Docket No. 56) are **OVERRULED**. It is further

**ORDERED** that the Report of the Magistrate Judge (Docket No. 52) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the petition for writ of habeas corpus is **DENIED**. A final judgment will be entered in accordance with the Magistrate Judge's recommendation.

In addition, Petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. 28 U.S.C. § 2253. The standard for granting a certificate of appealability requires a petitioner to make a substantial showing of the denial of a federal constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate he would prevail on the merits. Rather, he must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Elizalde*, 362 F.3d at 328 (citing *Slack,* 529 U.S. at 484). As to the procedurally barred claims, "[Petitioner] must, in addition to establishing the debatability of the underlying constitutional claim, demonstrate that jurists of reason would find it debatable whether the district court was correct in its procedural rulings as to those claims." *Id.*

Here, Petitioner has not shown that the issues raised are subject to debate among jurists of reason. Petitioner has therefore failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability will not be issued.

**So ORDERED and SIGNED this 26th day of March, 2024.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE